**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1127-22

SHARON DAVIDSON,

    Plaintiff-Appellant,

v.

ROBERT LEWIS,

    Defendant-Respondent.

_____

Submitted January 21, 2025 – Decided March 31, 2025

Before Judges Sabatino, Gummer and Jablonski.

On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Docket No. L-0138-20.

Law Offices of Sklar Smith-Sklar, attorneys for appellant (Keith D. Sklar, on the brief).

Connell Foley LLP, attorneys for respondent (Willliam P. Krauss, of counsel and on the brief).

PER CURIAM

In this personal-injury matter, plaintiff Sharon Davidson, appeals from a November 3, 2022 Law Division order granting summary judgment in favor of defendant Robert Lewis and dismissing her complaint. We affirm.

I.

We glean the facts from the summary-judgment record after viewing them in a light most favorable to plaintiff. Statewide Ins. Fund v. Star Ins. Co., 253 N.J. 119, 125 (2023). Plaintiff, a tenant of defendant, sought compensation from defendant, her landlord, for injuries she allegedly sustained to her left foot and ankle when she purportedly stepped into a hole on defendant's property.

Both the date and the mechanism of the accident plaintiff sets forth in her complaint differ from those that appear in her medical records. Specifically, in her complaint, plaintiff alleged that

> On or about April 8, 2019 [she] was a business invitee (tenant), legally on the grounds located at [defendant's property]. Suddenly and without warning, [p]laintiff was caused to slip, trip, stumble[,] and fall due to a dangerous condition which existed on the premises in question, causing her to violently and forcefully impact the ground after falling into a hole, sustaining the injuries more specifically set forth below.

However, plaintiff's medical records indicate that plaintiff fell on a different day and that the injury had a different cause. According to her chart, after the treatment she sought on April 12, 2019:

> The patient is a 67 [year-old] female who presents to our office for LEFT ankle pain. [Patient] states she tripped on uneven pavement and fell yesterday 4/11/19. She had immediate sudden onset LEFT ankle pain and swelling. She was seen and splinted at the [hospital emergency room] the same day. She currently reports constant lateral ankle and dorsal foot pain. P/S is ten out of ten. X-rays done 4/11/19 at [the hospital].

At her deposition, plaintiff could not recall the exact date of the alleged fall. Additionally, plaintiff's partner testified at his deposition that defendant had not maintained the property and speculated that the hole resulted from work the township had performed on the property previously.

After discovery closed, defendant moved for summary judgment. The trial court denied that application without prejudice and granted plaintiff's concurrent request to reopen discovery to permit supplemental expert reports by a certain date. In support of her application to reopen discovery, plaintiff submitted a certification in which she stated on May 16, 2021, while she was plugging in an electric cord, her "left foot gave out," causing her to "lose [her] balance and strike a wall," injuring her back.

3

After discovery closed for the second time, defendant moved for summary judgment again. Noting plaintiff had not submitted any liability expert report nor any medical expert report causally relating any injuries to her alleged fall, as was required by the trial court's prior order, defendant argued plaintiff failed to establish a prima facie case as to liability and damages. In opposition to the motion, plaintiff again asserted that the fall happened on April 8, 2019, and submitted certain medical records and the certifications previously provided in connection with defendant's first summary-judgment motion. At that point, the trial court granted summary judgment, concluding that plaintiff had failed to prove a causal relationship between plaintiff's fall and her ankle injury for which defendant could be liable. This appeal followed.

II.

We review a decision granting summary judgment de novo and apply the same standard as the trial court. Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021). We consider "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Liberty Surplus Ins. Corp. v. Nowell Amoroso, P.A., 189 N.J. 436, 445-46 (2007) (quoting Brill v. Guardian

A-1127-22

Life Ins. Co. of Am., 142 N.J. 520, 536 (1995)).  We draw "all legitimate inferences from the facts in favor of the non-moving party."  R. 4:46-2(c); Globe Motor Co. v. Igdalev, 225 N.J. 469, 480 (2016).  However, "[s]ummary judgment should be granted . . . 'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'"  Friedman v. Martinez, 242 N.J. 449, 472 (2020) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)).

If a defendant seeks summary judgment and argues that a plaintiff lacks sufficient evidence to sustain a claim, analysis of that application begins by "identifying the elements of the cause of action and the standard of proof governing th[e] claim."  Bhagat v. Bhagat, 217 N.J. 22, 39 (2014).  Here, defendant moved for summary judgment, arguing that plaintiff is unable to establish a prima facie case of negligence.

A cause of action for negligence "requires the establishment of four elements:  (1) a duty of care, (2) a breach of that duty, (3) actual and proximate causation, and (4) damages."  Jersey Cent. Power & Light Co. v. Melcar Util. Co., 212 N.J. 576, 594 (2013).  The plaintiff initially "bears the burden of

A-1127-22

establishing those elements 'by some competent proof.'"  Davis v. Brickman Landscaping Ltd., 219 N.J. 395, 406 (2014) (citations omitted).

Here, plaintiff has not established her injury was proximately caused by a fall that allegedly occurred on April 8, 2017, and, therefore, she is unable to establish even a prima facie case of negligence by any competent proof.  See Davis, 219 N.J. at 406.  Defendant, therefore, is entitled to summary judgment as a matter of law.  Ibid.

We acknowledge that summary judgment generally should not be granted based on credibility assessments.  Ricciardi v. Weber, 350 N.J. Super. 453, 470 (App. Div. 2002).  But plaintiff's failure to support her case is more than a matter of credibility.  Nothing in the medical records plaintiff submitted in opposition to the summary-judgment motion links her broken ankle to a fall that took place on April 8, 2019, when she stepped into a hole on defendant's property.  The records she submitted relate to injuries she suffered in connection with an April 11, 2019 fall that occurred after she tripped on uneven pavement.  Plaintiff's own submissions contain conflicting versions regarding how her ankle was injured, and plaintiff has not explained the reason for this discrepancy.  Specifically, plaintiff has not explained the fundamental divergence between the date that she alleges in her complaint and the causes of

6

her injury, as both appear in her medical records.  This deviation cannot be reconciled as a question of credibility, and a factfinder would, therefore, only be able to bridge the gap by speculation.  This does not rise to the level of competent evidence plaintiff must present to defeat summary judgment.  See Merchants Exp. Money Order Co. v. Sun Nat'l Bank, 374 N.J. Super. 556, 563 (App. Div. 2005) ("[S]peculation does not meet the evidential requirements which would allow [a party] to defeat a summary judgment [motion].").

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division